IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                  Case No. 3:08 CR 65

                Plaintiff,                       O R D E R

       -vs-                                              JUDGE JACK ZOUHARY

Seth Bunke,

                Defendant.

      The Court conducted a Pretrial Hearing on September 18, 2008 on the Record (Doc. No. 58).

      Present: Richard Kerger and Khary Hanible for Defendant. Present via phone: Kristy Parker for Plaintiff. Defendant Bunke waived his appearance.

      The Court considered two Motions filed by Defendant.

      Defendant's Motion for Appointment of an Expert Witness (Doc. No. 51) is denied. Defendant requests the Court appoint Dr. Harvey Shulman to testify as an expert witness at trial. Dr. Shulman would testify as to the reliability of eyewitness testimony of the prosecution's witnesses, predominantly co-workers of Defendant, identifying Defendant as an individual who committed various acts of violence against prisoners. The Government filed a Response (Doc. No. 54) arguing Dr. Shulman's testimony would be inadmissible at trial under the Sixth Circuit's interpretation of *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

Under *Daubert* and Federal Rule of Evidence 702, this Court must perform a two-step inquiry when evaluating the admissibility of expert testimony. First, the Court must "determine whether the expert's testimony reflects scientific knowledge, such that the court must make a 'preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid . . . .'" *United States v. Smithers*, 212 F.3d 306, 313 (6th Cir. 2000) (quoting *Daubert*, 509 U.S. at 592-93). Second, the Court must "ensure that the proposed expert testimony is relevant to the task at hand and will serve to aid the trier of fact." *Id.*

The second prong of the *Daubert* analysis requires the Court to make a determination as to whether expert testimony on the issue of eyewitness identification under these circumstances will convey something to the jury without which it could not fully evaluate the veracity of the eyewitnesses' testimony. *United States v. Moonda*, No. 06CR0395, 2007 WL 19875861 (N.D. Ohio June 28, 2007). In *Smithers*, the Sixth Circuit noted that "where identification rests on testimony by someone who knew the defendant well and was in a good position to see the crime, or where the identification seems strongly established for other reasons (like physical evidence connecting defendant to the crime), there is little reason to admit such testimony." *Smithers*, 212 F.3d at fn. 4.

Likewise, the Sixth Circuit has identified examples of instances in which expert testimony could add to the jury's assessment of eyewitness testimony identifying a defendant. Such examples include identification after a long delay, identification under stress, and identification of a defendant who was previously unknown to a victim or witness to a crime. *See United States v. Langan*, 263 F.3d 613, 621 (6th Cir. 2001). None of these circumstances are present in this case.

The Government expects to offer eyewitness identification testimony at trial from individuals who are well-familiar with Defendant and work with him. Evaluating issues related to the memory

2

and recall by an individual known to the eyewitness is well within the normal experiences and capabilities of a lay juror. Further, the Court will also instruct the jury on how to deal with eyewitness testimony. Finally, the Government will be offering other evidence at trial that does not depend solely upon eyewitness identifications.

Because the proffered expert testimony would be inadmissible under the second prong of *Daubert*, the Court need not evaluate whether Dr. Shulman is qualified as an expert under the first prong of *Daubert*.

Defendant's Motion in Limine (Doc. No. 57) is dismissed as moot because the Government represented that it does not plan to offer evidence of Defendant's military conduct or incidents with neighbors, and will not be filing a Notice under Federal Evidence Rule 404(b).

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

September 19, 2008