IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                Case No. 3:08 CR 65

                                    Plaintiff,           MEMORANDUM OPINION
                                                         AND ORDER

                -vs-
                                                         JUDGE JACK ZOUHARY

Seth Bunke,

                                    Defendant.


        Before the Court is Defendant's Motion for a New Trial (Doc. No. 99).[1] Defendant argues he

is entitled to a new trial because the Court erred in its pretrial Order (Doc. No. 59) denying

Defendant's Motion for Appointment of an Expert Witness (Doc. Nos. 49 and 51).  The Government

filed an Opposition to the instant Motion (Doc. No. 111).  For the reasons stated below, Defendant's

Motion is denied.

BACKGROUND

        A jury convicted Defendant Seth Bunke of three counts of deprivation of civil rights under 18

U.S.C. § 242, with Count One carrying the specification of bodily injury.  The convictions stemmed

from incidents occurring while Defendant worked as a corrections officer at the Lucas County Jail.

Under Count One, the jury found Defendant used excessive force which resulted in bodily injury

---

[1] Defendant entitled his Motion: "Motion Under Rule 29 for New Trial."  Although Defendant cites Rule 29 of
the Federal Rules of Criminal Procedure as the basis for his Motion, the Court agrees with the Government
that Rule 33 is the appropriate basis for the Motion.  Rule 29 addresses motions for acquittal based on the
sufficiency of the evidence.  Rule 33 addresses motions for a new trial based on the interest of justice.

during a confrontation between an inmate, Jeffrey Jones, and several corrections officers, including Defendant.

Prior to trial, Defendant filed a Motion for Appointment of an Expert Witness (Doc. Nos. 49 and 51) in which he asked the Court to appoint Dr. Harvey Shulman, an expert on the subject of eyewitness identification, to testify on Defendant's behalf at trial.  The Court issued an Order (Doc. No. 59) denying Defendant's Motion, concluding Dr. Shulman's testimony would be inadmissible at trial because it was neither relevant nor helpful to the jury, as required by *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993) and Federal Rule of Evidence 702.

At trial, a number of witnesses, including Defendant's former co-workers, testified about Defendant's role in the altercation with Jones.  These witnesses were familiar with Defendant prior to the altercation.  After hearing and evaluating the trial testimony, including the testimony of Defendant himself, the jury returned a verdict of guilty as to Count One.

## DISCUSSION

Rule 33(a) of the Federal Rules of Criminal Procedure permits a district court, upon a defendant's motion, to vacate a judgment and grant a new trial "if the interest of justice so requires." Defendant argues the Court's refusal to appoint Dr. Shulman amounts to reversible error as to Count One, requiring a new trial.

Defendant sought to have Dr. Shulman appointed so he could testify about the reliability of eyewitness testimony; Defendant argues such expert testimony would address possible "confusion of eyewitnesses" and assist the jury to conclude whether witnesses were mistaken or confused as to what they saw or remember seeing.

Under *Daubert* and Rule 702, this Court must perform a two-step inquiry when evaluating the admissibility of expert testimony.  First, the Court must assess the reliability and scientific value of the proffered testimony. *Id.* at 592-93.  Second, the Court must "ensure the proposed expert testimony is relevant to the task at hand and will serve to aid the trier of fact." *United States v. Smithers*, 212 F.3d 306, 313 (6th Cir. 2000).

This Court does not question Dr. Shulman's qualifications.  Rather, as the Court stated in its prior Order denying the appointment, the Court believes his testimony fails the second prong of *Daubert* because his testimony would not be relevant or helpful to the jury.

Quite simply, assessing the reliability of witnesses is well within the competency of an average juror -- in fact, assessing witness credibility is the primary function of the jury.  The "jury's function [is] to evaluate the witnesses' credibility and to resolve any conflicts in their testimony." *United States v. Cheatham,* 77 F.3d 483, at *1 (6th Cir. 1996) (table).  Additionally, the jury was instructed on how to assess witness credibility at the beginning and at the conclusion of the case.

As the Government notes in its brief, the cases cited by Defendant are cases where the issue was the accuracy of eyewitness testimony in identifying a previously unknown individual. Here, there is no doubt Defendant was involved in the confrontation with Jones. The Sixth Circuit has held that expert testimony on eyewitness identification under such circumstances is unhelpful to the jury because the hazards of eyewitness identification are within the ordinary knowledge of lay jurors. *United States v. Langan*, 263 F.3d 613, 624 (6th Cir. 2001); *United States v. Smithers*, 212 F.3d 306, fn. 4 (6th Cir. 2000) ("[W]here identification rests on testimony by someone who knew the defendant well and was in a good position to see the crime, or where the identification seems strongly

3

established for other reasons (like physical evidence connecting defendant to the crime), there is little reason to admit such testimony.").

Based on the uncontradicted trial testimony, it is clear there was a melee involving Bunke, Jones, and other corrections officers.  The jury could assess Bunke's role in the melee, without expert testimony, by weighing all the evidence and the credibility of the witnesses.  Indeed, defense counsel's cross-examination of the eyewitnesses sought to cast doubt on those who claimed Bunke used excessive force.  The proposed expert testimony had no proper role in this trial.

## CONCLUSION

Defendant has failed to demonstrate how Dr. Shulman's testimony under these facts would be of assistance to the jury.  As such, he also cannot demonstrate that he suffered resulting prejudice entitling him to a new trial.  Therefore, Defendant's Motion for a New Trial is denied.

IT IS SO ORDERED.

         s/ *Jack Zouhary*     
JACK ZOUHARY
U. S. DISTRICT JUDGE

November 14, 2008

4