IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 3:08 CR 65 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Seth Bunke, | |
| Defendant. | |

## INTRODUCTION

On October 14, 2008, a jury convicted Defendant Seth Bunke of three counts of deprivation of civil rights under 18 U.S.C. § 242. The convictions stemmed from incidents occurring while Defendant was employed as a corrections officer at the Lucas County Jail.

Before the Court is Defendant's Motion for Judgment of Acquittal (Doc. No. 112), under Rule 29(c) of the Federal Rules of Criminal Procedure, in which he asks the Court to set aside the jury's verdict as to Counts One, Four, and Six and to find the evidence presented at trial is insufficient to sustain the convictions. The Government filed an Opposition (Doc. No. 116) and Defendant filed a Reply (Doc. No. 119).

## RULE 29 MOTION

When analyzing a challenge to the sufficiency of the evidence, the Court must determine whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In doing so, however, the Court may not re-weigh the evidence,

re-evaluate the credibility of witnesses, or substitute its judgment for that of the jury. *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993).

## COUNT ONE

Count One charged Defendant with subjecting Jeffrey Jones, an inmate at the Jail, to excessive force. Count One carried a bodily injury specification. In his Motion, Defendant argues that based on the evidence presented at trial, "[i]t is inconceivable that a rational trier of fact could have found that [Defendant] kicked Jones in the head" (Doc. No. 113, p. 2). The Court notes at the outset that it was not necessary for the jury to conclude Defendant kicked Jones specifically in the head, although this was the thrust of the Government's argument. The jury could have found Defendant used excessive force by kicking some other part of the body or by another forceful act of Defendant.

The Court finds evidence offered at trial was sufficient to enable a reasonable juror to conclude Defendant did kick Jones in the head or the side of his body. Dr. Thomas Sterling testified that Jones told him he had been kicked when he was brought into the emergency room for treatment (Trial Transcript p. 28). Officer Richard Elizondo testified he "saw Bunke kick [Jones] twice on the side" (p. 98), and that he was "positive" he saw Defendant kick Jones (p. 100). Elizondo further testified there was no justification for Defendant to kick Jones under the circumstances (p. 104). Officer Curtis McQueary said he saw Defendant kick Jones in the head (pp. 152-53). Officer Christopher Branch testified he saw Defendant kick Jones once in the side (p. 14).

Evidence was also sufficient for a jury to conclude Jones suffered resulting bodily injury. The Government presented evidence of Jones' injuries by way of photographs and the testimony of Dr. Sterling. The undisputed evidence was that Jones was hospitalized for four days and suffered a collapsed lung, requiring a chest tube to be inserted.

Defendant presented evidence, chiefly in the form of his own testimony, refuting the allegations that he assaulted Jones. However, it is not the Court's role to "re-evaluate the credibility of witnesses, or substitute its judgment for that of the jury." *Hilliard*, 11 F.3d at 620. There was enough evidence presented at trial for a rational trier of fact to find Defendant used excessive force and that Jones suffered bodily injury as a result.

## COUNT FOUR

Count Four charged Defendant with unreasonably seizing Rodney Ray and Elmer Lee, two free citizens, by engaging in an unlawful and unwarranted traffic stop. Defendant was driving home from his job as a corrections officer when he allegedly saw a car swerve. Defendant claims he believed the driver may have been under the influence, so he followed the car, pulled up next to it when it had stopped, and ordered the occupants to drive to a nearby gas station. At trial, Ray and Lee testified that Defendant showed them his corrections officer uniform and acted in a manner that insinuated he may have a gun (pp. 63-64 and pp. 87-89). It is undisputed that, as a corrections officer, Defendant had no authority to engage in traffic stops. Eventually, local police authorities with jurisdiction in the area released the two citizens after determining the driver, Ray, was not intoxicated.

The crux of Defendant's argument is that he was justified in stopping the vehicle, and if the stop was unreasonably long, that was the fault of other actors, not Defendant (Doc. No. 113, pp. 5-6).

However, the Court finds there was evidence offered at trial to support the jury's conclusion that Defendant unreasonably seized Ray and Lee. Both Ray and Lee testified they believed they were effectively being ordered to go to the gas station, and they did not go there voluntarily. The jury heard the circumstances surrounding the detention at the gas station and found it to be unreasonable under the circumstances, which is not an unreasonable conclusion.

### COUNT SIX

Count Six charged Defendant with depriving Jason Pope, a pretrial detainee at the Jail, of his civil rights by subjecting him to excessive force. The trial testimony was that Defendant pushed Pope into a wall after Pope taunted and gestured at Defendant. Defendant argues the force used against Pope was not excessive because Pope had threatened Defendant by making a fist and advancing toward Defendant.

Again, the legitimacy of Defendant's response to Pope's taunts was a determination to be made by the jury based on the evidence they heard at trial, and there was sufficient evidence to support the conclusion that Defendant's response was excessive. Corrections Officer Jason Algarin testified he saw Defendant and Pope pushing each other in a cell (pp. 32-33), and as he attempted to separate the two, Pope offered no resistance while Defendant continued to try to battle with Pope (pp. 36-38). Corrections Officer Samuel Mysinger testified that at the time Pope made the taunting remarks, Pope was inside a module and could not reach Defendant (pp. 45-47). Thus, the Court finds there was sufficient evidence on which the jury could base its conclusion.

### CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion for Acquittal (Doc. No. 112).

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

December 3, 2008