IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 3:08 CR 65 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Seth Bunke, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Defendant Seth Bunke's Motion for Release Pending Appeal (Doc. No. 149), which the Government opposes (Doc. No. 153). For the reasons stated below, the Motion is denied.

## DISCUSSION

On October 14, 2008, a jury convicted Defendant Seth Bunke of three counts of deprivation of civil rights under 18 U.S.C. § 242. The convictions stemmed from incidents occurring while Defendant was employed as a corrections officer at the Lucas County Jail. Count One charged Defendant with subjecting Jeffrey Jones, an inmate at the Jail, to excessive force. Count One also carried a bodily injury specification.

Release pending appeal is governed by the Bail Reform Act, 18 U.S.C. § 3143. Section 3143(b)(2) mandates that a defendant found guilty of a "crime of violence" be detained pending appeal, unless the defendant can meet the criteria in § 3143(b)(1) and § 3145(c).

Section 3143(b)(1) requires the Court find (1) by clear and convincing evidence, that Defendant is not likely to flee or pose a danger to the safety of another person or the community, and (2) that the appeal is not for purposes of delay and raises a substantial question of law or fact. Here, however, because Defendant is subject to the mandatory detention provision in § 3143(b)(2), in order to obtain release, he must meet not only the criteria in § 3143(b)(1), but also must demonstrate "exceptional reasons" why his continued detention is not appropriate pursuant to § 3145(c).

In his Motion, Defendant argues only the bases for release provided in § 3143(b)(1), namely that (1) he is not likely to flee and does not pose a danger; and (2) he raises substantial questions on appeal. However, § 3143(b)(2) states that the "judicial officer *shall order* that a person who has been found guilty of an offense in a case described in subparagraph (A) . . . of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, *be detained*." (emphases added). Section 3142(f)(1)(A) includes offenses which constitute a "crime of violence," which is defined in 18 U.S.C. § 16 as:

> (a) an offense that has an element the use, attempted use, or threatened use of physical force against the person or property of another; or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Here, Count One constitutes a crime of violence under 18 U.S.C. § 16. The baseline offense for Count One under the Sentencing Guidelines was aggravated assault. Furthermore, the Court enhanced Defendant's sentence as to Count One because it found the victim suffered a "serious bodily injury."

Case law supports the conclusion that Defendant's crime was violent. Defendants in *United States v. Lavalle*, 269 F. Supp. 2d 1297 (D. Colo. 2003) were prison guards convicted of a variety of civil rights abuses under 18 U.S.C. § 292, the same statute under which Defendant was convicted. After sentencing, defendants filed a motion for release pending appeal. The district court denied the

2

motion, finding it was required to keep defendants imprisoned because they were convicted of crimes of violence. *Id.* at 1299-1300.

Here, although Defendant was convicted of a crime of violence, 18 U.S.C. § 3145(c) allows for release of defendants convicted of violent crimes pending appeal if exigent circumstances exist. *See United States v. Cook*, 42 F. App'x 803, 804 (6th Cir. 2002) (holding that district judges, in addition to appellate courts, may make a determination under § 3145(c)).[1] Section 3145(c) provides:

> Appeal from a release or detention -- * * * The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

Thus, in order to be released under § 3145(c), Defendant must show that "there are exceptional reasons why [his] detention would not be appropriate," and then establish that he would otherwise be eligible for release under § 3143(b)(1) because (1) he is not likely to flee or pose a danger to the safety of another person or the community, and (2) that the appeal is not for delay and raises a substantial question of law or fact.

In his Motion, Defendant fails to describe exceptional reasons which would qualify him for release under § 3145(c). His argument focuses exclusively on the merits of his appeal and his compliance with the conditions of his pre-trial release. The term "exceptional" means "clearly out

---

[1] The Court acknowledges there appears to be a split among district courts within the Sixth Circuit on the issue of whether the narrow discretion for release provided in § 3145(c) applies to district courts at all or whether it applies only to courts of appeals. *See United States v. Cochran*, No. 1:09 CR 32, 2009 WL 385577, at *3-8 (N.D. Ohio Feb. 13, 2009) (discussing the split and finding § 3145(c) does not apply to district courts). This Court however, finds the Sixth Circuit's opinion in *Cook*, 42 F. App'x at 804, although unreported, to be persuasive. Furthermore the six courts of appeals which have issued published opinions on the issue have agreed that § 3145(c) applies to district courts. *See Cochran*, 2009 WL 385577, at *2 (listing the appellate courts' published opinions). This Court also notes that a different conclusion on this issue would not change the outcome because under the alternative interpretation of § 3145(c), the Court would be *required* to keep Defendant detained, unable to consider whether "exceptional reasons" exist.

of the ordinary, uncommon or rare." *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (per curiam) (internal quotation marks and citation omitted). "It is not exceptional to expect every defendant to timely appear in court and to obey the court's order concerning pretrial conditions of release." *Id.* Furthermore, personal and familial hardships do not constitute exceptional reasons. *See United States v. Lippold*, 175 F. Supp. 2d 537, 540 (S.D.N.Y. 2001); *United States v. Taliaferro*, 779 F. Supp. 836, 838 (E.D. Va. 1992). Simply put, there is nothing exceptional about Defendant's case.

Cases cited by Defendant are not helpful because they only address § 3143(b)(1) factors and are silent on the "exceptional reasons" requirement in § 3145(c). Further, these cases did not involve crimes of violence. *See United States v. Pollard*, 778 F.2d 1177 (6th Cir. 1985) (food stamp fraud); *United States v. Mikell*, No. 97 CR 81493, 2007 WL 188566 (E.D. Mich. Jan. 22, 2007) (fraud).

### CONCLUSION

The Court need not address Defendant's § 3143(b)(1) arguments that he is not likely to flee, does not pose a danger, and raises substantial questions on appeal. This is because Defendant has not established that exceptional reasons exist which warrant his release.

Defendant's Motion for Release Pending Appeal is denied.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

April 24, 2009

4